No. 2580

Second Circuit

---

SALTER v. McLAREN, ET AL.

---

(May 22, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Marriage—Par. 179.** Under Civil Code Art. 2398 the wife cannot bind herself conjointly with her husband for debts of the community.

Appeal from the Tenth Judicial District Court, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by James F. Salter against Albert McLaren, et al.

There was judgment for plaintiff against Albert McLaren and for defendant Mrs. Julmar McLaren. Plaintiff appealed.

Judgment affirmed.

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

M. L. Dismukes, of Natchitoches, attorney for defendant, appellee.

ODOM, J. On December 14, 1922, the defendant, Albert McLaren and his wife, Mrs. Julmar McLaren, executed their promissory note for $250.82 made payable to Salter & Simpson, due ten months after date, said note bearing 8 per cent interest from date until paid with 10 per cent attorney's fees in case the note should be placed in the hands of an attorney for collection.

The note went into the hands of the plaintiff, Salter, and he brings this suit against both the husband and the wife for the full amount of the note with interest and attorney's fees, less a credit of $12.70 paid on December 27, 1923.

The defendant, Albert McLaren, the husband, made no appearance, and there was judgment against him by default.

The wife, Mrs. Julmar McLaren, resisted plaintiff's demands, on the ground that the note was given for a community debt, for which she was not bound.

Plaintiff's demands against the wife were rejected by the lower court and he appealed.

OPINION

The wife cannot bind herself conjointly with her husband for debts of the community.

Civil Code, Article 2398.

Counsel for appellant, in brief, says:

"That is a well settled principle of law and if the facts supported this principle the judgment of the lower court would be correct,"

but, he says:

"it was a debt created before she married Albert McLaren."

The record discloses that the debt evidenced by the note sued on was created during the existence of the community between Albert McLaren and his wife. The note was given for the balance due on an open account for goods and merchandise sold to defendants after their marriage. The account is in the record, and shows that the goods were charged to "Mrs. A. McLaren." The first item on the account was charged on December 3, 1920, and is for "cloth coat & pants, $22.50." The last item was charged on August 27, 1921.

The case was tried in November, 1925, and the testimony shows that the defendants had been married seven years at that time.

Appellant's contention that the debt was created previous to the marriage is not borne out by the record.

It seems that Mrs. McLaren was a widow before she married McLaren. She had probably purchased goods on account from plaintiff's firm before her marriage to McLaren, which accounts for the fact that these goods were charged to her instead of to her husband. But the account for which the note was given does not include any balance brought down from an old account against her. The goods were all purchased during the existence of the community.

The defendant Albert McLaren did not appeal from the judgment rendered against him, nor does he ask that it be amended.

Judgment affirmed, with costs.